**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | Bankruptcy Case No. 25-17485 KHT |
| MELINDA ANN HURD, | Chapter 13 |
| Debtor. | |

**ORDER DISMISSING CASE**

      THIS MATTER comes before the Court *sua sponte* on failure of Melinda Hurd (the "Debtor") to comply with Local Bankruptcy Rule 3015-1(b) requiring a Debtor who has not filed a plan with the petition, to file a plan "within 14 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct." Local Bankruptcy Rule 3015-1(b)(2) provides that "the failure to timely file the plan will result in dismissal of the case…" To date, over 14 days since the filing of the petition (in this case November 14, 2025), and the Debtor has not filed a Chapter 13 Plan or requested an extension of time to do so. Further, the Court issued a Notice of Deficiency (Docket No. 9, the "Notice") requiring the Debtor to file a Chapter 13 Plan, in addition to several other missing documents, by November 28, 2025. The Debtor failed to comply with the Notice. Accordingly, the Court

**FINDS** that:
1. Dismissal is appropriate pursuant to 11 U.S.C. §1307 (c)(1).
2. No Plan has been confirmed.
3. No request for delayed revestment of property of the estate has been made.

**IT IS THEREFORE ORDERED** that:
1. This case is dismissed. The Clerk of the Court shall cause this Order to be served on all creditors and parties in interest within **five (5) days**.
2. In accordance with 11 U.S.C. § 349(b)(1), any custodianship or proceeding superseded under § 543, any transfer avoided under §§ 522, 544, 545, 547, 548, 549 or 724(a) of Title 11 or preserved under §§ 510(c)(2), 522(i)(2) or 551 of Title 11 is reinstated. Any lien voided under § 506(d) of Title 11 is reinstated; and any order, judgment or transfer ordered under §§ 522(i)(1), 542, 550 or 553 of Title 11 is vacated.
3. All property of the estate, except payments made by the Debtor to the Trustee, shall revest in the Debtor as of the date of this Order pursuant to 11 U.S.C. § 349.

4. Payments made by the Debtor shall be retained by the Trustee pending payment of claims allowed under § 503(b) pursuant to 11 U.S.C. § 1326(a)(2).
    a. Any request for allowance of a § 503(b) claim shall be made in conformation with 11 U.S.C. § 503 and Fed. R. Bankr. P. Rules 9013, 9014 and 2002, and be filed **no later than 28 days of the date of this Order.**
    b. **Within 30 days after determination** of the last request, if any, for allowance of §503(b) claims, the Trustee shall pay all fees imposed by statute and allowed § 503(b) claims from the Debtor's payments and return any surplus to the Debtor.

5. **The Confirmation Hearing scheduled for Wednesday, January 7, 2026, is hereby VACATED.**

DATED this 3rd day of December, 2025

BY THE COURT:

_/s/ Kimberley H. Tyson_
Kimberley H. Tyson
United States Bankruptcy Judge